**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lusdja Jurrile Davis Makaya,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-01938-PHX-RM

**ORDER**

On May 19, 2026, the Court granted Petitioner's habeas corpus petition under 28 U.S.C. § 2241 and ordered a bond redetermination hearing at which the Government bore the burden of establishing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community. (Doc. 10.) The hearing was held on May 26, 2026. (Doc. 12.) The Immigration Judge ("IJ") denied bond after finding that the Department of Homeland Security ("DHS") had established by clear and convincing evidence that Petitioner is a flight risk. (Doc. 12; Doc. 13 at 2; Doc. 13-1.) Petitioner now moves to enforce the Court's Order. (Doc. 13.) She argues that the IJ's decision lacks meaningful analysis, rests on factors that cannot establish flight risk as a matter of law, and fails to consider whether conditions of release could mitigate any risk of flight. (*Id.*) Respondents filed a response to the motion. (Doc. 16.) The Court will deny the motion.

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020). The scope of that review, however, is limited. An IJ's discretionary bond determination is generally not

reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation or denial of bond or parole."). Courts retain jurisdiction to consider constitutional claims and questions of law, including whether the IJ "erred by applying the wrong burden of proof." *Martinez v. Clark*, 124 F.4th 775, 781, 784-85 (9th Cir. 2024).

Petitioner relies on *Wilkinson v. Garland*, 601 U.S. 209 (2024), to argue that the IJ's application of the flight-risk standard is reviewable as a mixed question of law and fact. (Doc. 13 at 3, 5.) But *Martinez*, which applied *Wilkinson*, confirms that "abuse of discretion" review does not involve "reweigh[ing] evidence." Instead, it asks whether the IJ "applied the correct legal standard." *See Martinez*, 124 F.4th at 785 (citation omitted). "A district judge may not second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, No. 17-cv-07124 WHA, 2018 WL 2938628, at *4 (N.D. Cal. June 12, 2018).

Section 1226(e) does not bar a court from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008); *see also Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017). In conducting that review, however, the question is not "whether this Court believes that the proof establishes, by clear and convincing evidence," that the petitioner is a flight risk. *Nguti v. Sessions*, No. CV-16-06703, 2017 WL 5891328, at *3 (W.D.N.Y. Nov. 29, 2017). Rather, the Court must decide whether the IJ "relied upon proof that—as a matter of law—could not establish" that conclusion. *Id.*; *see also Judulang*, 562 F. Supp. 2d at 1127.

Petitioner does not contend that the IJ placed the burden on her or applied a standard of proof other than clear and convincing evidence. To the contrary, she acknowledges that DHS bore the burden at the hearing and that the IJ found DHS had carried it by clear and convincing evidence. (Doc. 13 at 2.) Nor does Petitioner contend that she lacked notice of the hearing, that the IJ declined to treat this Court's Order as binding, or that the IJ, rather

than DHS, developed the evidentiary record on which bond was denied. DHS submitted evidence in support of its position: Petitioner's Form I-213, her Notice to Appear, and the IJ's September 19, 2025 order of removal. The IJ then identified the specific findings on which the decision rested. (*Id.*)

Petitioner instead argues that those findings cannot establish flight risk as a matter of law. The Court disagrees. The IJ relied on two findings. The first was the determination, made in Petitioner's removal proceedings, that Petitioner did not testify credibly. The second was the tenuous nature of Petitioner's connection to her proposed sponsor, along with the sponsor's variable income. (*Id.*) Neither finding is the type of proof that could not, as a matter of law, support a finding of flight risk. The strength and stability of Petitioner's release plan—where she will live, with whom, and with what support—bear directly on whether she has a fixed address and meaningful ties in the United States. Petitioner herself identifies those factors as relevant to the flight-risk inquiry. (*Id.* at 5-6 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).) Likewise, the IJ could consider that Petitioner was found not credible in her removal proceedings and, as DHS's evidence showed, has been ordered removed. Both facts bear on the reliability of her assurances that she will appear and on her incentive to do so.

Petitioner raises several counterarguments. She contends that a sponsor's income speaks only to the support available after release, that non-familial sponsors are common, and that a credibility finding addresses a different question than flight risk. (*Id.* at 6-7.) These points may bear on how much weight the IJ's findings deserve. But they are arguments about the weight of the evidence, which this Court may not reweigh. *See Martinez*, 124 F.4th at 785; *Calmo*, 2018 WL 2938628, at *4.

For the same reason, this case is unlike those in which an IJ relied on considerations that bear little relevance to the individual petitioner's risk of flight while ignoring the evidence in the petitioner's favor. *See, e.g., Perez Velasquez v. Bondi*, No. 26-cv-01759, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026). The IJ's findings here are specific to Petitioner and her circumstances. Although Petitioner notes the absence of evidence that

she previously failed to appear or fled from authorities (Doc. 13 at 7), the IJ's failure to discuss that absence does not establish that the IJ relied on proof that could not, as a matter of law, support a finding of flight risk.

Petitioner's contention that the bond decision contains no meaningful analysis fares no better. Her own motion identifies the evidence DHS submitted and the specific findings on which the IJ relied. (Doc. 13 at 2, 6-8.) Those findings are sufficient to permit review of whether the IJ applied the correct legal standard, which is the limit of this Court's review.

Finally, Petitioner argues that the IJ was required to consider whether a monetary bond or other conditions of release could mitigate the risk of flight. (*Id.* at 8-9.) Petitioner cites no authority establishing that the Court's Order or due process required the IJ to make express findings on alternatives to detention after concluding that DHS had established flight risk by clear and convincing evidence. And her assertion that the IJ's concerns "can be addressed through tailored release conditions" (*id.* at 9) is, again, a request that this Court reweigh the evidence and reach a different conclusion than the IJ.

Petitioner received the hearing the Court ordered. She has not shown that the IJ applied the wrong legal standard or relied on evidence that could not, as a matter of law, establish flight risk. The Court therefore concludes that Respondents complied with the Court's May 19, 2026 Order. Petitioner's alternative requests are likewise denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce Habeas Order (Doc. 13) is **denied**.

Dated this 24th day of November, 2026.

Honorable Rosemary Márquez
United States District Judge